CHEHARDY, Chief Judge.
This is an appeal by defendants National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National), and Insure *1039 anee Company of North America (INA), and plaintiff, Charles Cavalier, from a summary judgment dismissing defendant Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) from Cavalier’s suit to recover uninsured/underinsured motorist’s insurance (U/M) benefits. The judgment further found National provided primary coverage for uninsured/underin-sured motorist’s insurance coverage and INA provided excess insurance coverage.
Charles Cavalier suffered injuries when an automobile driven by Joseph Gillard collided with the truck Cavalier was driving. Cavalier was in the course and scope of his employment with Shell Pipeline Corporation (SPLC) at the time, but the truck he was driving was owned by LOCAP, Inc. LOCAP is a pipeline company owned by SPLC, its parent company, Shell Oil Company and several other corporations, and which contracted with SPLC for SPLC to operate the pipeline for the carriage of its crude oil.
At the time of the accident, the tort-fea-sor Gillard was insured by State Farm Mutual Automobile Insurance Company (State Farm). Following the accident, State Farm tendered its policy limits of $25,000 to Cavalier, after a portion was paid to SPLC as reimbursement for workers’ compensation payments. The remainder was deposited into the registry of the court pending final determination. In addition, National insured the LOCAP vehicle that plaintiff was driving when the accident occurred for one million dollars; INA provided 10 million dollars in liability insurance to SPLC; and Farm Bureau insured a vehicle owned by plaintiff’s wife, Anita Cavalier, for $25,000 in U/M benefits.
As a result of the accident, Cavalier filed suit against National, INA and Farm Bureau for U/M benefits. INA and National denied liability on the basis they had executed rejections of U/M coverage pursuant to LSA-R.S. 22:1406(D)(l)(a).
In due course, all three insurance companies filed separate motions for summary judgment. INA and National again asserted they had rejected coverage. Farm Bureau contended the rejections by INA and National were invalid and that it was entitled to dismissal because the National policy provided primary U/M coverage and INA’s coverage was excess. Thus, under R.S. 22:1406 Farm Bureau concluded it did not provide coverage.
After a hearing on the motions, the trial judge granted Farm Bureau’s motion and dismissed it from the suit. In the judgment he further found that the National policy was primary and INA’s policy was excess pursuant to R.S. 22:1406(D)(l)(c). In his reasons for judgment he determined the National and INA rejections were invalid because the person who signed the rejections lacked corporate authority.
On appeal defendants argue that the motion was improperly granted because material issues of disputed fact remain. Alternatively, they assert that Lowell Emmett, the signor, validly rejected coverage as a legal representative of SPLC and LOCAP by virtue of SPLC’s general corporate resolution; by virtue of SPLC’s policy; by virtue of Emmett’s extended job description; and by virtue of LOCAP’s general grant of authority to SPLC to obtain insurance as found in the operating agreement between the companies.
A motion for summary judgment is properly granted only when the pleadings, depositions, answers to interrogatories and admissions on file, if any, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Louisiana law statutorily imposes U/M coverage on all motorists in the State. The statute, R.S. 22:1406, embodies strong public policy designed to protect the innocent victims of the negligent uninsured or underinsured motorist. Roger v. Estate of Tod Moulton, 513 So.2d 1126 (La.1987). Although the statute also provides the insured or his authorized representative may reject U/M coverage, that right is a derogation of the public policy. Thus the portion of the statute allowing a party to reject U/M coverage is read narrowly in order to carry out the primary objective of protecting the innocent. Roger, supra. Consequently the jurisprudence holds that *1040 a rejection must be written in clear and express terms. Roger, supra.
The parties agree herein that the rejections executed on behalf of LOCAP and SPLC were in proper form. However, Farm Bureau challenges Emmett’s authority to sign the rejections as the “legal representative” of the companies. Farm Bureau points out Emmett was not specifically authorized to reject the coverage by corporate resolution, or any other corporate directive by either company, and that Emmett’s status as LOCAP's representative is even more tenuous because Emmett was neither an officer nor employee of LOCAP.
Insofar as SPLC is concerned, the response of National and INA is that Emmett’s authority arose from a combination of Emmett’s actual job duties as an insurance administrator for SPLC, from a general corporate resolution entitling SPLC’s treasurer (Emmett’s superior) to reject coverage when allowed by law, and from past company policy. As to LOCAP, the authority allegedly derived from a general grant to procure insurance at LOCAP’s direction which is contained in the operating agreement between SPLC and LOCAP.
The evidence is clear that Emmett did not have formal authority to reject U/M coverage for SPLC or LOCAP. We are of the opinion that the lack of formal authority is fatal to the validity of the two rejections in light of the public policy favoring U/M coverage, and considering the strict interpretation of the rejection provision in the statute. Consequently we find the trial judge did not err in determining the rejections executed on behalf of LOCAP and SPLC were invalid and in dismissing Farm Bureau from the suit. However, we also find the judgment is erroneous in another respect.
The trial court judgment, in addition to dismissing Farm Bureau from the suit, summarily decided that National provided primary coverage and INA provided excess coverage. Classification of the available insurance as either primary or excess is a determination more appropriately and procedurally disposed of at a trial on the merits.
Accordingly, the judgment of the trial court is hereby reversed as to that portion which holds that National Union Fire Insurance Company of Pittsburgh, Pennsylvania, provides the primary uninsured/under-insured coverage and Insurance Company of North America provides excess uninsured/underinsured coverage. The judgment is hereby affirmed in all other respects.
AFFIRMED.
BOWES, J., concurs in part and dissents in part.